# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVIANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG, | : | |
| Plaintiff, | : | Civil Act. No. 2:23-CV-603-JDW |
| v. | : | |
| HOPE TREE PROPERTIES LLC, | : | |
| DANIEL KESSLER, | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS CIVIL COMPLAINT

For the reasons set forth in the attached Memorandum of Law which is attached hereto and incorporated by reference, Defendants Hope Tree Properties LLC and Daniel Kessler respectfully request that this Honorable Court dismiss the Plaintiff's Complaint.

Respectfully submitted,

By:/s/ Christopher de Barrena-Sarobe
Andrew Bellwoar, Esq.
Christopher L. de Barrena-Sarobe, Esq.
Partners, Bellwoar Kelly LLP

Date: April 4, 2023

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVIANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG, | : | |
| Plaintiff, | : | Civil Act. No. 2:23-CV-603-JDW |
| v. | : | |
| HOPE TREE PROPERTIES LLC, | : | |
| DANIEL KESSLER, | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CIVIL COMPLAINT

Hope Tree Properties LLC ("Hope Tree") is a small business that purchases defunct or distressed properties. Like many businesses, Hope Tree sometimes purchases business leads from other companies. In early February of 2023, Hope Tree obtained a lead and called the Plaintiff believing that he or his family was interested in selling a property. But the Plaintiff's interest was a sham.

As it turns out, the Plaintiff was the one running a business through the court system—he has filed dozens of lawsuits in this Court alone. The Plaintiff had previously answered a phone call from a lead generating company and presented himself as someone who was interested in selling his property. And when Daniel Kessler called the Plaintiff on behalf of Hope Tree the next day, the Plaintiff threatened to

sue him for a violation of the Telephone Consumer Protection Act ("TCPA").

Now the Plaintiff sues the Defendants under the uninformed and uninvestigated assumption that the Defendants were placing the calls about which he complains. This is not the case, and the Plaintiff has not pled any details establishing this foundational fact. For this and a number of other reasons, the Defendants request that the Court dismiss this lawsuit pursuant to Federal Rule of Civil Procedure 12(b). The Plaintiff should not be permitted to manufacture small settlements against small businesses by irresponsibly suing the wrong entity.

## I. FACTS ALLEDGED IN THE PLAINTIFF'S COMPLAINT

Professional Plaintiff Andrew Perrang ("Plaintiff") filed the instant lawsuit based on five supposed phone contacts in February 2023. The first call was from a phone number ending in 6729 on February 8, 2023 ("Call One") with a Caller ID of "Level 3 Communications." *See* Plaintiff's Complaint, D.I. 1, ("Complaint") at ¶¶ 41-42. The call was answered by the Plaintiff, but no one was on the other line. *Id.* at ¶¶ 42-43. The Complaint does not detail how Call One is connected to any other subsequent calls. *See generally*, *id*.

3

The next call identified in the Complaint occurred six days later, and originated from a phone number ending in 5031 ("Call Two"). *Id.* at ¶ 44. The Plaintiff asserts that, after a brief delay and a moment of hold music, he spoke with someone with a heavy accent who identified himself as John. *Id.* at ¶¶ 47-48. John did not indicate that he was an employee of Hope Tree, and spoke speciously about a group of "real estate investors and sellers," one of whom was "Dan." *Id.* at ¶¶ 49-50. The Plaintiff indicated that he was interested in selling his property and preferred to be contacted by email. *Id.* at ¶ 51. According to the Complaint, the Plaintiff never specifically requested to be placed on any internal do-not-call list. *See generally, id.*

Two text messages followed on February 14 and 15, confirming/reminding the Plaintiff of an appointment to receive a cash offer for his home. *Id.* at ¶¶54-56. Then, later on February 15, the Plaintiff alleges that Mr. Kessler called him from a phone number ending in 5718 ("Call Three"), identified himself by name, and indicated he was calling from "Hope Tree Properties." *Id.* at ¶¶ 59-60. The Complaint does not allege that this call was placed with a recording of someone's voice or an automatic telephone dialing system ("ATDS"). *See generally*, *id.* No

4

offer to sell was made because the Plaintiff was never interested—he now claims to not own any property.  *Id.* at ¶ 63.

Based largely on these facts, the Plaintiff alleges that Mr. Kessler, among other things: (1) directed "the marketing conduct described herein, including the telephone conduct"; (2) verified and drafted the script that would be used on the calls; and (3) selected "the dialing equipment, telephone services, manpower, and suppliers of the same used to make the calls."  *Id.* at ¶ 28.  The Complaint is devoid of any specific facts that support these claims.  *See generally, id.*

## II.   LEGAL STANDARD

A defendant may move to dismiss a Complaint for failure to state a claim upon which relief can be granted.  *See* F.R.Civ.P. 12(b)(6).  For a Complaint to survive such a challenge, this Court must accept as true "well-pleaded facts" while disregarding legal conclusions.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  These facts must also be viewed in the light most favorable to the non-moving party.  *See DeBenedictis v. Merrill Lynch & Co., Inc.*, 492 F.3d 209, 215 (3d Cir. 2007).

While this is a favorable standard for the Plaintiff, it is not without its clear limits. "[C]onclusory or 'bare-bones' allegations will no longer survive a motion to dismiss." *Fowler*, 578 F.3d at 210 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). Thus, a Complaint "requires more than labels and conclusions," and any "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, a claim is valid only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable of the misconduct alleged." *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009).

## III.  LEGAL ARGUMENT

### A. *The Complaint Fails to Adequately Allege That the Pertinent Calls Came From the Defendants.*

The Plaintiff's allegations are speculative and conclusory, requiring the entire Complaint to be dismissed. This lawsuit is premised on the idea that the Defendants are responsible for the calls and texts made

prior to Call Three.[1]  Not only is the premise false, it is improperly pled and contradicted by the Plaintiff's own allegations.

The Plaintiff's attempts to tie the Defendants to the source of the possibly impermissible telemarketing calls by baldly asserting that "Hope Tree makes telemarketing calls to customers…" *See* D.I. 1 at ¶ 22. This important and wholly speculative statement is not backed by sufficient facts.  There are no phone records that the Plaintiff links to the Defendants aside from Call Three.  *See generally* D.I. 1 at ¶¶ 43-45 (claiming, without explanation, that some of the phone numbers that dialed his phone linked to "the same offshore call center.").  There are no witness accounts or documents showing an agency relationship between the Defendants or another company.  *See generally id*.  This foundational claim simply fails.

---

[1] It is unclear to the Defendants precisely which calls and texts are at issue.  *See e.g.* D.I. 1 ¶ 33 (discussing calls with a prerecorded voice when none of the calls described later in the Complaint reference a prerecorded voice).  Still, plainly viewed, the Plaintiff has not properly asserted that Call Three is a violation of the TCPA.  There are no allegations of pauses (consistent with the use of a ATDS) before Mr. Kessler spoke.  *See* D.I. 1 at 60-61.  Nor was the message from Mr. Kessler prerecorded.  *Id*.  The allegation that the call went poorly after the Plaintiff threatened to sue Mr. Kessler—even if true—is simply not a violation of the TCPA.  *See* 47 U.S.C. § 217(c), (d) (prohibiting the use of an ATDS or prerecorded voice, not all telemarketing calls).

In actuality, a comparison between the calls that are pled shows that Call Two and Call Three did, in fact, come from different people of different backgrounds. The person that the Plaintiff spoke to during Call Two was "an offshore bloke with a heavy accent named 'John.'" *Id.* at ¶ 48. John did not identify himself as being an employee of Hope Tree, or even reference Hope Tree by name. *See generally id.* at ¶¶ 48-49. Similarly, the text messages that the Plaintiff references were sent from a Caller ID that is not linked to Hope Tree. *Id.* at ¶¶ 53, 55.

Yet, when Mr. Kessler is alleged to have called the Plaintiff during the Call Three, he identified himself by name and said that he was calling from "Hope Tree Properties." *Id.* at ¶¶ 59-60. The Plaintiff does not plead any facts to suggest that Mr. Kessler has the same voice as "John." *See generally, id.* Nor does the Plaintiff claim that the phone number used to initiate the call is associated with an offshore call center. *See generally, id.* This comparison demonstrates that Call Two and Call Three were made by different people with different business methods— suggesting that Call One, Call Two, and the subsequent text messages were not initiated by the Defendants.

The Plaintiff essentially asks the Court to make illogical factual leaps when other common business practices—such as the purchase of leads from a marketing company—demonstrate that the Defendants did not initiate and were not responsible for the purported telemarketing calls at issue.  Simply put, this is a conclusory, bare-bones Complaint that requires dismissal.  *Cf. Smith v. Direct Building Supplies, LLC*, 2021 WL 4623275 at *3 (E.D. Pa. Oct 7, 2021) ("The sole factual allegation linking Defendant to the calls is that the caller identified himself as associated with Defendant which is insufficient under the *Iqbal* pleading standards.") (citations omitted).

B. *The Alleged Calls and Texts Were Not Violations of Pennsylvania Law and the C.F.R. by Definition Because the <u>Plaintiff Does Not Allege the Contacts Were Made to Sell Goods</u>*.

Pennsylvania law places certain restrictions on telemarketing via the Telemarketer Registration Act.   *See* 73 P.S. § 2241 *et. seq.* Importantly, "telemarketing" is defined as "[a] plan, program or campaign which is conducted to induce the purchase of goods or services or to solicit contributions for any charitable purpose…" 73 P.S. § 2242.  It does not encompass a call made in order to attempt to purchase something from another person.

9

Similarly, 47 C.F.R. § 64.1200 places restrictions on "telephone solicitation," defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(15).  By definition, the C.F.R. at issue does not restrict callers from offering to purchase something from another person.

Here, all of the alleged calls and text messages were made to provide the Plaintiff with a "cash offer for [his] home."  D.I. 1 at ¶¶ 54, 56.  The Plaintiff never specifies any fact that he was asked to purchase or invest in anything.  *See generally*, D.I. 1.  Thus, Count Three (the alleged violation of Pennsylvania law) and Count Four (the alleged violation of the C.F.R) should also be dismissed because the allegations fail as a matter of law.  By definition, calls offering to buy property from another person are lawful.

### C. Plaintiff's Remaining Theories About C.F.R. Violations Have Already Been Dismissed by This Court and Should be Again.

This Court has already held that the Plaintiff's attempts to expand his "business model" by claiming C.F.R violations related to internal do-not-call policies have "no legs."  *Perrong v. South Bay Energy Corp.*, 2021

WL 1387506 at *1.  Undeterred, the Plaintiff makes the same accusations here.  Thus, this Court should dismiss this claim yet again.

In *South Bay*, this Court held that C.F.R. § 64.1200(d)(1) only requires telemarketers to have an internal do-not-call list.  *Id.* at *2.  As pled, the Plaintiff never specifically asked to be placed on a do-not-call list.  *See generally* D.I. 1.  And although the Plaintiff expressed his desire to be emailed and not called, the Plaintiff never specifically asked Hope Tree or Mr. Kessler not to call him.  *Id.* at ¶¶ 29-64.  The only person he expressed a preference to was "John."  *Id.* at ¶51. Thus, for this secondary reason, all claims related to C.F.R. § 64.1200 should be dismissed.

////

## IV.   CONCLUSION

The Plaintiff has sued the wrong Defendants based on uninvestigated assumptions that are inconsistent with a commonplace business practice: buying leads.   Because the Plaintiff has asserted misplaced legal conclusions as fact, this Court should Dismiss this Complaint.  A proposed Order is attached.


Respectfully submitted,


By:*/s/ Christopher de Barrena-Sarobe*
Andrew Bellwoar, Esq.
Christopher L. de Barrena-Sarobe, Esq.
Partners, Bellwoar Kelly LLP

Date: April 4, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVIANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG, | : | |
| Plaintiff, | : | Civil Act. No. 2:23-CV-603-JDW |
| v. | : | |
| HOPE TREE PROPERTIES LLC, | : | |
| DANIEL KESSLER, | : | |
| Defendants. | : | |

## <u>ORDER</u>

Upon consideration of the Defendants' Motion to Dismiss Complaint and for the reasons set forth therein, it is HEREBY ORDERED that the Plaintiff's Complaint is Dismissed with prejudice.

_____
The Honorable Joshua D. Wolson
United States District Court
Eastern District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVIANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG, | : | |
| Plaintiff, | : | Civil Act. No. 2:23-CV-603-JDW |
| v. | : | |
| HOPE TREE PROPERTIES LLC, | : | |
| DANIEL KESSLER, | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

The Defendants' Motion to Dismiss Civil Complaint was served to the Plaintiff via ECF and email at <u>andyperrong@gmail.com</u>.

Respectfully submitted,

By:<u>*/s/ Christopher de Barrena-Sarobe*</u>
Andrew Bellwoar, Esq.
Christopher L. de Barrena-Sarobe, Esq.
Partners, Bellwoar Kelly LLP

Date: April 4, 2023